**06 CV 3428**

JUDGE C...

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROUTE HOLDING INC. and
BEAM COMPANY INC.,

        Plaintiffs,

- against -

INTERNATIONAL OIL OVERSEAS INC.,
a.k.a. IOOI, and
MARINA WORLD SHIPPING CORP.,

        Defendants.
------------------------------------------------------------X



RECEIVED MAY 0 4 2006 U.S.D.C. S.D.N.Y. CASHIER

## VERIFIED COMPLAINT

Plaintiffs, ROUTE HOLDING INC. (hereinafter referred to as "RHI") and BEAM COMPANY INC. (hereinafter referred to as "BCI") (collectively referred to as "Plaintiffs"), by and through their attorneys, Tisdale & Lennon, LLC, as and for their Verified Complaint against the Defendants, INTERNATIONAL OIL OVERSEAS INC., a.k.a. IOOI (hereinafter referred to as "IOOI") and MARINA WORLD SHIPPING CORP. (hereinafter referred to as "MWS") (collectively referred to as "Defendants") allege, upon information and belief, as follows:

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.     At all times material to this action, Plaintiff RHI was, and still is, a foreign company duly organized and existing under the laws of the Marshall Islands.

3.     At all times material to this action, Plaintiff BCI was, and still is, a foreign company duly organized and existing under foreign law.

4. Upon information and belief, Defendant IOOI was, and still is, a foreign corporation or other business entity organized under and existing by virtue of the laws of Panama.

5. Upon information and belief, Defendant MWS was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law.

## AS AND FOR THE FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF RHI AGAINST DEFENDANTS

6. Paragraphs One through Five are hereby incorporated as Paragraphs Six through Ten and made part hereof as if more fully set forth herein.

11. Plaintiff RHI was at all material times the Owner of the motor tanker "DELTA SAILOR."

12. IOOI was at all material times the Charterer of the M/T DELTA SAILOR.

13. By a charter party dated April 25, 2005, Plaintiff RHI chartered the M/T DELTA SAILOR to IOOI.

14. Certain disputes arose between RHI and IOOI during the course of the charter party contract regarding IOOI's failure to pay demurrage due and owing to RHI under the charter party.

15. As a result of IOOI's breach of the charter party contract, RHI has and will continue to suffer losses in the total principal sum of $11,395.31, as best can now be estimated, exclusive of interest.

16. Pursuant to clause K and clause 24 of the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English law to apply.

17. Despite due demand, IOOI failed to pay the demurrage due and owing under the charter party. As a result, RHI is preparing to commence arbitration to recover its damages.

18. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English law. As best as can now be estimated, RHI expects to recover the following amounts under the final arbitration award:

| | | |
|---|---|---:|
| A. | Principal claim for demurrage: | $11,395.31 |
| B. | Estimated interest on principal claim at 6% for four years: | $2,734.84 |
| C. | Attorney's Fees | $7,500.00 |
| D. | Arbitration expenses: | $5,000.00 |
| **Total** | | **$26,630.15** |

19. Upon information and belief, Defendant MWS acts as the general and/or managing agent of IOOI and is merely a shell-corporation through which IOOI conducts its business.

20. In the alternative, MWS is the alter ego of IOOI because IOOI dominates and disregards MWS' corporate form to the extent that MWS is actually carrying on IOOI's business and operations as if the same were its own.

21. Upon information and belief, MWS acts as paying agent, or arranges for other non-parties to satisfy the debts and obligations of IOOI.

22. In the further alternative, Defendants are partners and/or are joint venturers.

23. In the further alternative, Defendants are affiliated companies such that MWS is now, or will soon be, holding assets belonging to IOOI and vice versa.

24. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court,

held in the hands of garnishees including, but not limited to, American Express Bank, ABN-AMRO Bank, Bank of America, Bank of New York, Citibank, HSBC (USA) Bank, JP Morgan Chase, Standard Chartered Bank, State Street Bank Intl. and/or Wachovia Bank which are believed to be due and owing to the Defendants.

25. The Plaintiffs seek an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendants, IOOI and MWS, held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendants, IOOI and MWS, and to secure the Plaintiffs' claims as described above.

## AS AND FOR THE SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF BCI AGAINST DEFENDANTS

26. Paragraphs One through Five are hereby incorporated as Paragraphs Twenty-Six through Thirty and made part hereof as if more fully set forth herein.

31. Plaintiff BCI was at all material times the Owner of the motor tanker "PELAGOS."

32. IOOI was at all material times the Charterer of the M/T PELAGOS.

33. By a charter party dated May 28, 2005, BCI chartered the M/T PELAGOS to IOOI.

34. Certain disputes arose between the BCI and IOOI during the course of the charter party contract regarding IOOI's failure to pay demurrage, bunker costs and other expenses/damages due and owing to BCI under the charter party.

35. As a result of IOOI's breach of the charter party contract, BCI has and will continue to suffer losses in the total principal sum of $306,531.00, as best can now be estimated, exclusive of interest, attorneys fees and arbitration costs.

36. Pursuant to clause K and clause 24 of the charter party, all disputes arising thereunder are to be submitted to arbitration in London with English law to apply.

37. Despite due demand, IOOI failed to pay the demurrage due and owing under the charter party. As a result, BCI is preparing to commence arbitration to recover its damages.

38. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English law. As best as can now be estimated, BCI expects to recover the following amounts under the final arbitration award:

| | | |
|---|---|---|
| A. | Principal claim for demurrage: | $306,531.00 |
| B. | Estimated interest on principal claim at 6% for four years: | $73,567.44 |
| C. | Attorney's Fees | $50,000.00 |
| D. | Arbitration expenses: | $25,000.00 |
| **Total** | | **$455,098.44** |

39. Upon information and belief, Defendant MWS acts as the general and/or managing agent of IOOI and is merely a shell-corporation through which Defendant IOOI conducts its business.

40. In the alternative, MWS is the alter ego of IOOI because IOOI dominates and disregards MWS' corporate form to the extent that MWS is actually carrying on IOOI's business and operations as if the same were its own.

41. Upon information and belief, MWS acts as paying agent, or arranges for other non-parties to satisfy the debts and obligations of IOOI.

5

42. In the further alternative, Defendants are partners and/or are joint venturers.

43. In the further alternative, Defendants are affiliated companies such that MWS is now, or will soon be, holding assets belonging to IOOI and vice versa.

44. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, American Express Bank, ABN-AMRO Bank, Bank of America, Bank of New York, Citibank, HSBC (USA) Bank, JP Morgan Chase, Standard Chartered Bank, State Street Bank Intl. and/or Wachovia Bank which are believed to be due and owing to the Defendants.

45. The Plaintiffs seek an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendants, IOOI and MWS, held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendants, IOOI and MWS, and to secure the Plaintiffs' claims as described above.

**WHEREFORE**, Plaintiffs pray:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment

pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, American Express Bank, ABN-AMRO Bank, Bank of America, Bank of New York, Citibank, HSBC (USA) Bank, JP Morgan Chase, Standard Chartered Bank, State Street Bank Intl. and/or Wachovia Bank, which are due and owing to the Defendants, in the amount of **$481,728.59** to secure the Plaintiffs' claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.   That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

D.   That the Plaintiffs have such other, further and different relief as the Court may deem just and proper.

Dated: May 4, 2006
       New York, NY

> The Plaintiffs,
> ROUTE HOLDING INC. and
> BEAM COMPANY INC.
>
> By: _____
> Nancy R. Peterson (NP 2871)
> Patrick F. Lennon (PL 2162)
> TISDALE & LENNON, LLC
> 11 West 42nd Street, Suite 900
> New York, NY 10036
> (212) 354-0025 (Phone)
> (212) 869-0067 (Fax)
> Npeterson@Tisdale-Lennon.com
> Plennon@Tisdale-Lennon.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )  ss.:  Town of Southport
County of Fairfield   )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an associate in the firm of Tisdale & Lennon, LLC, attorneys for the Plaintiffs.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiffs is that the Plaintiffs are business organizations with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiffs and agents and/or representatives of the Plaintiffs.

7. I am authorized to make this Verification on behalf of the Plaintiffs.

Dated:   Southport, Connecticut
         May 4, 2006

_____
Nancy R. Peterson