UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ROUTE HOLDING INC. and BEAM        **06 CIV 3428 (PKC)**
COMPANY INC.,

                                          **REPLY DECLARATION OF**
                             Plaintiffs,       **MOHAMMED HANI A. K. AL**
                                          **BAKRI**

      -against-

INTERNATIONAL OIL OVERSEAS INC. and
MARINA WORLD SHIPPING CORP.,

             Defendants.
----------------------------------------------------------x

          Mohammed Hani A. K. Al Bakri, pursuant to Title 28 §1746 of the United States Code, hereby declares and says as follows:

      1.       I am a Director of defendant Marina World Shipping Corp. ("MWS") and I submit this declaration in reply to Plaintiffs' Opposition and in further support of MWS's motion to dismiss this action against it and to vacate the maritime attachment that is currently restraining MWS's funds.

      2.       Insofar as the contents of this declaration are within my own knowledge, they are true. Insofar as the contents of this declaration are not within my own direct knowledge, they are true to the best of my information and belief.

      3.       At the outset, I want to respectfully point out to the Court that Ms. Peterson at paragraph 15 of her declaration erroneously alleges that Abdul Kader Bakri, my father, was the individual who completed the MWS Declaration. As a simple check of my original Declaration filed with the Court will show, it was the undersigned who prepared that Declaration.

      4.       Plaintiffs' position that International Oil Overseas, Inc. ("IOOI") is dominated and controlled by MWS, which is based on speculation, rumor and innuendo, is factually incorrect.

      5.       Plaintiffs rely heavily on a report prepared by MRC Investigations in support of their claim that MWS and IOOI are alter egos. The presented MRC Report, however, is dated **April 11, 2002**. Even a cursory reading of the MRC Report reveals that it has nothing to do with MWS. Such MRC Report does not mention MWS at all, much less address MWS' corporate structure. In fact, the MRC Report is titled, "The Bakri Group & International Overseas Inc." Further, the report states that, "the primary aim of the investigation is to connect IOOI to the Bakri Group of companies and hence from there to assets which

and did not have a good faith basis to seek an attachment of MWS' assets in the first place.

7. The so-called "Bakri Group" is not a corporate or legal entity; the companies are separate and independent, some of which are directly owned by members of the Bakri family, others not; and are engaged in various industries, including the marine industry. Any cooperation between the companies of this "Group" is intended to capitalize on the good will and reputation earned by the others for purposes of gaining a business advantage in the market place

8. Plaintiffs want this Court to believe that simply because some members of the Bakri family may have an interest in certain companies, be it MWC and or any company the Plaintiffs wish to include as part of the "Bakri Group", that such companies therefore are controlled by a non existing corporate or legal entity referred to by the Plaintiffs as the "Bakri Group." This is simply not true, and the MRC Report, which for the most part is based on unidentified sources and market rumor, does not establish that because of the participation of Bakri family members in some companies by way of ownership, employment or service as a director those same companies are therefore controlled by this so called "Bakri Group", nor does the MRC report establish any common ownership or control between MWS and IOOI

9. Moreover, plaintiffs have not produced any evidence to rebut my previous statement that MWS and IOOI have separate officers, directors and employees, none of which overlap. As previously stated, MWS' current Board of Directors consists of myself, Abdul Kader Al Bakri and Zohair A.K. Al Bakri. In her declaration, Ms. Hara Anastasatou confirms my statement that there is no overlap of directors, as she states that IOOI's Board of Directors consists of "Abdel Kader Mohamed El Amin, M. Ohman Mahamd, and Saber Abu Ammara." Anastasatou Declaration, ¶49. Thus, even plaintiffs' own evidence demonstrates that there is no overlap of directors between the two companies.

10. I repeat that there is no common ownership between MWS and IOOI.

11. Additionally, I confirm that the corporate formalities of MWS have been maintained throughout the existence of the company. There are regular meetings of the Board of Directors and shareholders with appropriate resolutions, minutes and records kept.

12. To further demonstrate the corporate separateness of MWS and IOOI by showing that MWS is an independent company with its own capital, I attach hereto as Exhibit A MWS' most recent

financial statement (for 2005) opined on by an independent auditor. Notably, under Saudi accounting standards according to which these have been prepared, financial statements must disclose any kind of relationships that is alleged by the Plaintiff. The financial statement indicates there were no such relations between MWS and IOOI. I also enclose additional financial statements of MWS for the previous two financial years to further buttress that point. See Exhibit B.

13.   MWS has no access to the bank accounts of IOOI and vice versa.

14.   I also previously stated that MWS and IOOI do not share the same office space and telephones. While MWS and IOOI have offices in the same building, their offices occupy different floors. MWS has a separate lease agreement that runs since 1990; and was yearly renewed. MWS pays a yearly rent of SR30,000 (or $8,00). A copy of the MWS lease agreement dated 1/3/1990 (in Arabic langue; together with a translation) is attached hereto as Exhibit C. Plaintiffs have not produced any evidence to challenge my previous statement

15. Independently corroborating the statements in both of my declarations that MWS and IOOI are independent companies, is the MRC Report, as it nowhere mentions MWS, much less that it is affiliated with (or controls) IOOI.

16.   Similarly, given that MWS and IOOI admittedly do not share the same directors, officers, employees, offices, bank account, shareholders, etc., plaintiffs attempt to manufacture some sort of link between MWS and IOOI by alleging that one of IOOI's directors works as an administrative officer of yet another company, Ocean Marine, Fujairah, Clearly, this allegation does not establish an overlap of directors/officers/employees, etc., between MWS and IOOI. It does not even prove that Ocean Marine owns/controls IOOI much less that MWS controls IOOI. Plaintiffs' allegation is pure conjecture and reveals nothing concerning MWS' and IOOI's dealings with each other.

17.   The only allegation that plaintiffs have presented to the Court in an attempt to establish and corroborate the alleged connection between MWS and IOOI are the payments that MWS made (in the span of eight years, from 1998 to 2006) to third parties to whom IOOI had business relations with and or owed money. As I indicated before, these payments were made to satisfy financial obligations MWS had

with IOOI; it made no difference to MWS that it could satisfy its own debts with IOOI by paying IOOI's creditors.

18. These payments were made of MWS's independent, *bona fides* debts (arising out of arm's length transactions it had with IOOI; such as charterparties and the purchase of bunkers) and that such payments were made for good consideration contrary to the plaintiffs' conclusory allegation that "IOOI referred to and treated MWS' bank account at its own."

19. The transactions engaged in by MWS are not uncommon in the maritime industry, as is demonstrated by Exhibits 6-7 attached to the Anastasatou Declaration concerning the payment of hire for the M/T SHIBUMI under a charter party dated November 12, 1998. Although IOOI owed charter hire payments to a company named "Garda Shipping," the ship's owner, it is clear that Garda Shipping in turn requested that payments for hire under the charter party be made to two different companies on separate occasions, "Seatrade Investments S.A." and "Cardiff Marine."

20. As important, the payments raised by the Plaintiffs in the span of eight years hardly evidence a "habitual" or "systematic" manner as plaintiffs want this Court to believe.

21. In sum, plaintiffs have not produced any evidence tending to show that MWS controls IOOI. MWS continue to suffer due to the actions by the Plaintiffs as its funds continue to be restrained; without due cause. I respectfully request the Court to grant MWS' motion.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: London
3 August, 2006

_____
Mohammed Hani A.K. Al Bakri